IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANTHONY FREDERICK THRASH
ADC #94228                                                                                          PLAINTIFF

v.                              Case No. 4:13-cv-00732-KGB

DUSTIN McDANIEL, et al.                                                                        DEFENDANTS

## ORDER

Plaintiff Anthony Frederick Thrash, an inmate incarcerated by the Arkansas Department of Correction ("ADC"), has been granted leave to proceed *in forma pauperis* in this action filed pursuant to 42 U.S.C.§ 1983 (Dkt. No. 4). In his complaint, Mr. Thrash alleges that defendants violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution by promulgating and enforcing rules and procedures that deny him an adequate and meaningful opportunity to petition the trial court for a writ of error *coram nobis* (Dkt. No. 2).

**I.     Screening**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). The *in forma pauperis* statute also imposes these standards for dismissal. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing the sufficiency of a *pro se* complaint under the Court's screening function, the Court must give the complaint the benefit of a liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court also must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**II.     Background**

Mr. Thrash was convicted of capital murder in 1985 and is currently incarcerated in the ADC's Brickeys unit. The Arkansas Supreme Court affirmed his conviction in 1987. *Thrash v. State*, 726 S.W.2d 283 (Ark. 1987). According to Mr. Thrash, in 1998 he received information that the prosecutor failed to inform him of a plea agreement with Diedra Gaddy, one of the State's witnesses, and that the prosecutor knowingly solicited perjured testimony. Because such claims could only be heard by the trial court on a writ of error *coram nobis*, he petitioned the Arkansas Supreme Court to have jurisdiction reinvested with the trial court. *See Dansby v. State*, 37 S.W.3d 599, 600-01 (Ark. 2001) ("The essence of the writ of error *coram nobis* is that it is addressed to the very court which rendered the judgment," but after judgment is affirmed on appeal, the trial court may entertain the writ after appeal only if the Arkansas Supreme Court grants permission and reinvests the trial court with jurisdiction). In his petition, Mr. Thrash alleged that "the State suppressed exculpatory evidence and knowingly presented false testimony in order to obtain plaintiff's conviction." (Dkt. No. 2, at 5)

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing the sufficiency of a *pro se* complaint under the Court's screening function, the Court must give the complaint the benefit of a liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court also must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**II.     Background**

Mr. Thrash was convicted of capital murder in 1985 and is currently incarcerated in the ADC's Brickeys unit. The Arkansas Supreme Court affirmed his conviction in 1987. *Thrash v. State*, 726 S.W.2d 283 (Ark. 1987). According to Mr. Thrash, in 1998 he received information that the prosecutor failed to inform him of a plea agreement with Diedra Gaddy, one of the State's witnesses, and that the prosecutor knowingly solicited perjured testimony. Because such claims could only be heard by the trial court on a writ of error *coram nobis*, he petitioned the Arkansas Supreme Court to have jurisdiction reinvested with the trial court. *See Dansby v. State*, 37 S.W.3d 599, 600-01 (Ark. 2001) ("The essence of the writ of error *coram nobis* is that it is addressed to the very court which rendered the judgment," but after judgment is affirmed on appeal, the trial court may entertain the writ after appeal only if the Arkansas Supreme Court grants permission and reinvests the trial court with jurisdiction). In his petition, Mr. Thrash alleged that "the State suppressed exculpatory evidence and knowingly presented false testimony in order to obtain plaintiff's conviction." (Dkt. No. 2, at 5)

The Arkansas Supreme Court denied Mr. Thrash's petition and explained that, even if Mr. Thrash had established that there was a hidden plea agreement between Ms. Gaddy and the State, he had "failed to show that there was actual prejudice to the defense sufficient to constitute a fundamental error which calls into question the outcome of the trial. Before a writ of error *coram nobis* may issue it must appear that the facts as alleged as grounds for its issuance are such as would have precluded the entry of the judgment had they been available at trial; not that such facts might have produced a different result." *Thrash v. State*, No. CR 86-161, 1999 WL 66683, *1 (Ark. Feb. 11, 1999). Specifically, the Court explained that Mr. Thrash's attorney had questioned Ms. Gaddy "about inducements to testify which were granted to her by the State, and the attorney had Gaddy read aloud to the jury the order granting immunity to her." *Id.*

Mr. Thrash states that, in January 2003, Ms. Gaddy provided him an affidavit in which she attested that, during his trial, she denied having entered into a plea agreement with the State in exchange for her testimony and that she previously had told several police officers and the prosecutor that Mr. Thrash was not involved in the underlying crime. With Ms. Gaddy's affidavit, Mr. Thrash again petitioned the Arkansas Supreme Court so that jurisdiction could be reinvested in the trial court. The Arkansas Supreme Court denied Mr. Thrash's second petition, explaining that he had not demonstrated that "the prosecutor withheld material evidence" or "that there was actual prejudice to the defense sufficient to constitute a fundamental error which calls into question the outcome of the trial." *Thrash v. State*, 2003 WL 21299559, *2 (Ark. June 5, 2003).

Mr. Thrash states that, several years later, Ms. Gaddy located the letter that she allegedly received from the prosecutor that contained the terms of the plea agreement as well as a draft of the plea agreement. For a third time, Mr. Thrash petitioned the Arkansas Supreme Court so that

jurisdiction could be reinvested in the trial court, including the newly discovered evidence, and asserted a *Brady* violation.[1] Again Mr. Thrash's petition was denied. *Thrash v. State*, 2011 WL 913211 (Ark. March 17, 2011). Although Mr. Thrash alleged that a *Brady* violation had occurred, the Arkansas Supreme Court ruled that alleging such a violation "is not alone sufficient to provide a basis for error *coram nobis* relief." *Id*. at *3. The court stated that "the defense was not shown to be prejudiced by the alleged *Brady* violation, and disclosure of an existing agreement between the prosecution and Gaddy at trial was simply not likely to have produced a different result." *Id*. at *5.

Mr. Thrash now brings this lawsuit under 42 U.S.C. § 1983, alleging that his due process rights, as well as his equal protection rights, were violated. He names as defendants Arkansas Attorney General Dustin McDaniel and the Arkansas Supreme Court Justices. He asks this Court to prohibit the Arkansas Supreme Court from enforcing the rules and procedures governing petitions for writ of error *coram nobis* and to promulgate constitutionally sound procedures that allow an individual an adequate and meaningful opportunity to bring such claims in the proper forum. Mr. Thrash specifically states that he does not challenge the legality of his conviction or sentence, nor does he seek to challenge the decisions made by the Arkansas

---

[1] In *Brady v. Maryland*, the United States Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). "The elements of a *Brady* violation are: 'The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.'" *United States v. Roy*, No. 4:13CR00010 JLH, 2013 WL 5673419, at *5 (E.D. Ark. Oct. 15, 2013) (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)).

Supreme Court. After careful examination, this Court determines his claims fail as a matter of law and must be dismissed.[2]

### III. Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Cook v. City of Bella Villa*, 582 F.3d 840, 848-49 (8th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

#### A. Due Process Claim

Mr. Thrash claims that the procedures governing petitions for writ of error *coram nobis* followed by the Arkansas Supreme Court violate his right to due process under the Fourteenth Amendment. To establish a procedural due process violation, an individual must establish first that a protected liberty or property interest is at stake and second that the defendant deprived him of that interest without due process of law. *Schmidt v. Des Moines Public Schools*, 655 F.3d 811, 817 (8th Cir. 2011).

Due process is a flexible concept and requires only the procedural protections that a particular situation demands. *Clark v. Kan. City Mo. Sch. Dist.*, 375 F.3d 698, 702 (8th Cir. 2004) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976)). The fundamental requirement

---

[2] Because Mr. Thrash is not seeking review of a state court decision, the *Rooker-Feldman* doctrine does not prohibit him from bringing this claim in federal court. *See Lemonds v. St. Louis Cnty*, 222 F.3d 488, 492 (8th Cir. 2000) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 316 (1923)).

of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Id*. (quoting *Mathews*, 424 U.S. at 333).

"A criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man." *Dist. Attorney's Office v. Osborne*, 557 U.S. 52, 68 (2009). Mr. Thrash acknowledges that "[f]ederal law imposes no obligation on a state to provide the right to a direct appeal from a judgment of conviction or the right to collateral review of that judgment once it is final." *Losh v. Fabian*, 592 F.3d 820, 824-825 (8th Cir. 2010) (citations omitted). He argues, however, that if a state provides a convicted person collateral review, "due process requires that the proceeding be fundamentally fair." (Dkt. No. 2, at 2).

States have flexibility in deciding what procedures are needed in the context of post-conviction relief. *Osborne*, 557 U.S. at 69. "Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." *Id*. Accordingly, Mr. Thrash has the burden of showing that the procedures governing a petition for writ of error *coram nobis* "offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental," or "transgress[] a[] recognized principle of fundamental fairness in operation." *Id*. (internal quotation marks omitted).

According to Arkansas law, a writ of error *coram nobis* is an extraordinary remedy that is rarely granted and is permitted "only under compelling circumstances to achieve justice and to address errors of the most fundamental nature." *Pitts v. State*, 986 S.W.2d 407, 409 (Ark. 1999). After a conviction has been affirmed, the writ is appropriate only to secure relief from a judgment when the petitioner can demonstrate that a fundamental error or fact was in existence that was not or could not have been addressed at trial because it was somehow hidden or

unknown. *Cloird v. State*, 182 S.W.3d 477, 479 (Ark. 2004); *Larimore v. State*, 938 S.W.2d 818, 822 (Ark. 1997). "Newly discovered evidence in itself is not a basis for relief under *coram nobis*." *Pitts*, 986 S.W.2d at 409.

The Arkansas Supreme Court will grant permission for a convicted person to proceed with a petition for writ of error *coram nobis* "only when it appears that the proposed attack on the judgment is meritorious." *Newman v. State*, 354 S.W.3d 61, 65 (Ark. 2009). In making such a determination, the Arkansas Supreme Court "look[s] to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof." *Id.*; *Echols v. State*, 125 S.W.3d 152, 156 (Ark. 2003). Although Mr. Thrash argues that this process violates his due process, the United States Supreme Court has held to the contrary.

In *Taylor v. State of Alabama*, 335 U.S. 252 (1948), a convicted prisoner sought review of his petition for writ of error *coram nobis* by the Supreme Court of Alabama. Like Arkansas's procedure, under Alabama law, the prisoner had to petition the Alabama Supreme Court to reinvest jurisdiction in the trial court before the writ could be heard. *Id.* at 261. The Alabama Supreme Court denied Mr. Taylor's petition, and Mr. Taylor sought review by the United States Supreme Court, claiming that his due process rights had been violated. *Id.* at 254. The Alabama procedure for addressing petitions for writs of error *coram nobis* tested not only whether the proposed attack would be meritorious but also the reasonableness and probability of truth of the allegations in the petition. *Id.* at 262-64. In upholding the procedure used by the Alabama courts, the Court specifically stated that "the petitioner has no mandatory right to the permission" and found that "[t]he Supreme Court of Alabama was acting within its constitutional authority when, in its supervisory capacity over the procedure in the criminal trials of that State, it denied to petitioner the right to file this petition for writ of error *coram nobis*." *Id.* at 261, 271.

Citing *Taylor*, the Arkansas Supreme Court has previously addressed and rejected a due process claim based on the denial of a petition of writ of error *coram nobis*. *See Jenkins v. State*, 265 S.W.2d 512, 515 (Ark. 1954) ("On this petition for rehearing[,] appellant's principal contention is that a denial of his petition amounts to a denial of due process of law under the U.S. Constitution. The United States Supreme Court held to the contrary in [*Taylor*, 335 U.S. 252], under circumstances more favorable to the defendant than those in the instant case.").

Here, Mr. Thrash availed himself of this process and sought relief three times. That his requests for relief were denied does not necessarily imply that he was denied due process. Although Mr. Thrash claims that the process is unconstitutional as applied and that he was denied due process, he does not provide any factual basis for his constitutional challenge. He fails to state how he was denied due process. It is Mr. Thrash's "burden to demonstrate the inadequacy of the state-law procedures available to him in state postconviction relief." *Osborne*, 557 U.S. at 71. Because he fails to provide any factual basis to support his contention that he was, in fact, denied procedural due process, he has failed to state a constitutional claim for relief under 42 U.S.C. § 1983.

### B. Equal Protection

Mr. Thrash also claims that he was denied equal protection. An inmate bringing an equal protection claim must show intentional or purposeful discrimination. *See Klinger v. Dep't. of Corr.*, 31 F.3d 727, 733 (8th Cir. 1994). "The heart of an equal protection claim is that similarly situated inmates were treated differently and that this difference in treatment bore no rational relationship to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.2d 1093, 1103 (8th Cir. 1990)). Thus, an equal protection analysis begins with asking whether the plaintiff alleged facts showing that he was treated

differently from others who were similarly situated. *Rouse v. Benson*, 193 F.3d 936, 942 (8th Cir. 1999). Here, Mr. Thrash fails to include any allegations to support an equal protection claim. As a result, this claim also must be dismissed.

### IV. Conclusion

The Court finds that Mr. Thrash's complaint fails to state a claim upon which relief can be granted. Accordingly, Mr. Thrash's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED this 2nd day of June, 2014.

_____
Kristine G. Baker
United States District Judge